UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELVIN MOLDEN, SABRINA LOWERY, XAVIERA ALLISON, and XAVIONA ALLISON<br>Plaintiffs, | )<br>)<br>)<br>) |
| vs. | ) No. 17-cv- |
| BEYOND PROPERTIES REALTY GROUP, an Illinois Corporation, VICTORIA MAY and BRIAN LONG,<br>Defendants. | ) Judge<br>) Magistrate Judge<br>)<br>) Jury Demanded |

# COMPLAINT

Plaintiffs by and through their legal counsel, Atty. Edward A. Voci, complain against the Defendants as follows:

## Jurisdiction and Venue

1. This claim arises under 42 USC. § 3601 et seq. of the Federal Fair Housing Act[1] and 42 USC 42 USC §1982[2] and 42 USC §1981[3], The Civil Rights Act of 1866.

2. Jurisdiction is conferred upon this Court over all parties and the subject matter of this action pursuant to 42 U.S.C. § 3601, 42 U.S.C. §3604, 42 USC §3613(a), 28 USC §1331 and 28 USC §1343. Diversity of citizenship jurisdiction pursuant to 28 USC §1332(a)(1) is also

---

[1] 42 USC §3604(a) provides: (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

[2] 42 USC §1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

[3] 42 USC §1981 provides: "(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

conferred on this Court over all Plaintiffs and Defendant BRIAN LONG because Plaintiffs are residents of Illinois and Defendant BRIAN LONG is a resident of Arizona and the matter in controversy exceeds $75,000.00 in value.

3. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 USC 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in and the property that is the subject of this action is situated within the boundaries of this District.

**Party Plaintiffs and Defendants**

4. Plaintiffs DELVIN MOLDEN, SABRINA LOWERY, XAVIERA ALLISON, and XAVIONA ALLISON are citizens of the United States and residents of Cook Cook County, Illinois.

5. Plaintiffs DELVIN MOLDEN, SABRINA LOWERY, and XAVIONA ALLISON currently make their home in the first-floor apartment, basement and a garage space located at 1029 South Oak Park Avenue, Oak Park, Illinois and have done so since 2008.

6. Plaintiff XAVIERA ALLISON and her minor child made their home at 1029 South Oak Park Avenue, Oak Park, Illinois until June 7, 2017 and moved out of 1029 South Oak Park Avenue home because of the Fair Housing Act and Civil Rights Acts violations committed by Defendants alleged below. She currently resides in Cook County, Illinois.

7. Defendant BEYOND PROPERTIES REALTY GROUP, also known as "BEYOND PROPERTIES", ("Defendant BP") is an Illinois corporation with its principal place of business located at 109 North Marion Street, Oak Park, Illinois. Defendant BP is the agent of Defendant BRIAN LONG.

8. Defendant VICTORIA L. MAY is the Property Manager and agent of Defendants BP and BRIAN LONG. She is also known as "Vicki May."

9. Defendant BRIAN LONG is a resident of the State of Arizona and owns the building located 1029 South Oak Park Avenue, Oak Park, Illinois that contains a first-floor apartment, basement, a second floor apartment, a garage and common areas ("the building").

## Fact Allegations

10. Plaintiffs MOLDEN and LOWERY have been tenants in the first-floor apartment since November 1, 2008 which included as additional occupants, among others, Plaintiffs XAVIONA ALLISON and XVIERA ALLISON who were minor children at the time.

11. Plaintiffs MOLDEN and LOWERY entered into a second written lease with Defendant BIRAN LONG the term of which was 11/1/2011 to 5/30/2012 and which included as additional occupants, among others, Plaintiffs XAVIONA ALLISON and XVIERA ALLISON. This lease required payment of rent on the 21st of each month.

12. Subsequent to the expiration of the second written lease on May 30, 2012, Plaintiffs MOLDEN and LOWERY, tenants, with Plaintiffs XAVIONA ALLISON and XVIERA ALLISON as additional occupants, and Defendant LONG, as owner, entered into a month-to-month lease with rent due on the 21st of each month.

13. During the course of the aforementioned leases and continuing up to May 8, 2017 Plaintiffs and Defendant BRIAN LONG in general maintained a cordial business relationship. Defendant BRIAN LONG requested that Plaintiffs, particularly Plaintiff DELVIN MOLDEN, perform certain maintenance tasks in and around the building which Plaintiffs did perform, some with and some without compensation by Defendant BRIAN LONG.

14. On April 8, 2017 Defendant MAY sent a letter to Plaintiffs MOLDEN and LOWERY Sabrina and me introducing herself and BP as the new manager of the building and stating that a proposed new lease would be forth coming the term of which would be 6/1/2017 to 5/31/18.

15. Subsequent to April 8, 2017 an email communication took place between Plaintiffs MOLDEN and LOWERY, on the one hand, and Defendant MAY, on the other. The communications addressed the date rent was to be paid and the month on which the lease term would end.

16. During the email communication Defendant MAY made several misstatements: accusing Plaintiffs MOLDEN and LOWERY of paying rent "in arrears"; accusing Plaintiffs MOLDEN and LOWERY almost always paying rent late; and accusing Plaintiffs MOLDEN and LOWERY of being "unfair" to Defendant LONG. Plaintiff LOWERY corrected Defendant MAY'S misstatements and suggested a face to face meeting or conference call to arrive at a "happy medium."

17. On April 25, 2017 Vicki May emailed Plaintiffs MOLDEN and LOWERY stating, among other things, that because Plaintiffs MOLDEN and LOWERY were unwilling to satisfy "very basic tenant requirements," BP was terminating their tenancy and attached a "letter of non-renewal."

18. On April 26, 2017 Plaintiff MOLDEN emailed Defendants MAY and LONG as follows: "This came as a total shock to us […,] [w]e have no problem working with the new terms listed in your previous letter […,] again, WE HAVE no problem paying rent on the first of each month and signing the renewal lease."

19. On April 28, 2017 Vicki May emailed Plaintiffs MOLDEN and LOWERY: "I have no doubt that the two of you are decent people with respectable jobs. […] No reflection on your character is intended here. We merely have chosen to take possession of the first floor unit of the building."

20. On April 28, 2017 Plaintiffs MOLDEN and LOWERY, having already timely paid rent on April 21, 2017, paid another month's rent covering the term May 22, 2017 to June 21, 2017 to demonstrate that Plaintiffs were ready, willing and able to pay rent on the first of every month.

21. On April 29, 2017 Plaintiff MOLDEN wrote a lengthy email to Defendant LONG appealing to Defendant LONG'S sense of reason and fairness to which email Defendant LONG has not responded.

22. Defendants did not terminate the lease of, or in the alternative, did offer a lease renewal to the second floor tenant who is white.

23. On June 23, 2017 Plaintiff LOWERY emailed Defendant MAY as follows: "Vicki, Thanks for writing and acknowledging that Delvin's and my rent is paid in full. Just one question for our peace of mind: Why are you terminating our lease, but renewing the lease of Micky Wright on the second floor?" None of the Defendants have answered this question.

24. Filed contemporaneously with this Complaint is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to which are attached the Affidavits of Plaintiffs MOLDEN and LOWERY which provide both more detail to the facts alleged above and also copies of the emails sent and received by Defendant MAY, Plaintiff MOLDEN and Plaintiff LOWERY. By this reference said affidavits are incorporated herein and made a part hereof.

25. Because, and animated by the fact that, Plaintiffs are black African Americans, Defendant s intentionally or with willful disregard for the legal rights of Plaintiffs have committed one or more of the following acts or omissions:

    A. Terminated Plaintiff's month-to-month tenancy;

    B. Refused to negotiate for a new lease with Plaintiffs;

    C. Refused to offer a new lease to Plaintiffs; and

    D. Have otherwise made housing unavailable to Plaintiffs.

26. As a direct and proximate result of Defendants' acts and omissions alleged above, Plaintiffs have suffered and will continue to suffer emotional injury, mental injury, economic injury, loss of their federally protected civil rights and the imminent and irreparable threat of loss or actual loss of possession of their home.

**First Claim (Fair Housing Act; 42 USC §3604(a))**

27. Plaintiffs re-allege paragraphs 1-26 as if fully set forth in this First Claim.

28. Defendants in a committing the acts and omissions alleged herein have violated the Fair Housing Act, 42 USC §3604(a).

**Second Claim (Civil Rights Acts of 1866; 42 USC §1982)**

29. Plaintiffs re-allege paragraphs 1-26 as if fully set forth in this Second Claim.

30. Defendants in committing the acts and omissions alleged herein have violated 42 USC §1982;

**Third Claim (Civil Rights Acts of 1866; 42 USC §1982)**

31. Plaintiffs re-allege paragraphs 1-26 as if fully set forth in this Third Claim.

32. Defendants in a committing the acts and omissions alleged herein have violated 42 USC §1981.

**Relief and Remedies Requested**

33. Accordingly, Plaintiffs request the following relief:

    A. Trial by jury on liability and entry of judgment on the jury finding;

    B. Trial by jury on compensatory and punitive damages and entry of judgment on the jury verdict;

    C. Trial by the Court on equitable remedies and the entry of the following pursuant to FRCP 65: (i) temporary restraining order and preliminary injunction maintaining the *status quo ante* prohibiting Defendants from taking any action to gain possession of the the first-floor apartment, basement and garage space currently occupied by Plaintiffs provided rent is paid and other covenants in existence are followed; (ii) waiving any security or bond; and (iii) permanently mandating the Defendants to lease the first-floor apartment to Plaintiffs MOLDEN and LOWERY on the same terms last in place; and (iv) appointment a monitor, at Defendants' expense, to devise and implement a remedial fair housing eduction and monitoring program to ensure Defendant's further compliance with fair housing laws.

    D. The costs of this action;

    E. Trial by the court on the issue of prevailing party attorney fees and entry of judgment awarding Plaintiffs their attorney fees.

/s/ *Edward A. Voci*

_____
Atty. Edward A. Voci
624 Lathrop Avenue
River Forest, Illinois 60306
tel. 708-256-8624
vocilaw@mac.com
ARDC 2905922
COUNSEL FOR PLAINTIFS